**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**JOHN W. DYE, JR.,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 1:26-CV-36**
                                              **(JUDGE KLEEH)**

**SECRETARY OF THE UNITED**
**STATES DEPARTMENT OF LABOR,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER OF TRANSFER

On April 2, 2026, Plaintiff filed the Complaint herein [ECF No. 1], naming the above-captioned Defendant. On that same date, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered a Referral Order [ECF No. 5], directing that the undersigned United States Magistrate Judge "conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

Plaintiff alleges that he was employed at the federal Mine Safety and Health Administration ("MSHA"), an agency within the United States Department of Labor. [ECF No. 1, at 1]. He further alleges that, in the course of his federal employment at MSHA, he was subjected to certain treatment that was retaliatory and hostile. [Id., at 1-2]. He alleges that this conduct violated the Rehabilitation Act, codified at 29 U.S.C. § 791, et seq. [Id., at 2]. Plaintiff indicates that his employment was at MSHA's Mount Pleasant District. [Id.]. Plaintiff does not state it explicitly, but the undersigned takes judicial notice that MSHA's Mount Pleasant District Office is located in

1

Mount Pleasant, Pennsylvania. Further, the undersigned takes judicial notice that Mount Pleasant is located in Westmoreland County, which is situated in the Western District of Pennsylvania.

Plaintiff states that he resides in Monongalia County, in the Northern District of West Virginia. [Id.]. As such, he claims that venue lies in this District because the alleged actions of Defendant affected him in the Northern District of West Virginia. Nowhere does Plaintiff state that he worked at any MSHA office in the Northern District of West Virginia, that the conduct about which he complains occurred in this District, or that there was any other such tie to this District.

The law regarding the Rehabilitation Act is contrary to Plaintiff's claim about proper venue here. The Rehabilitation Act, under 29 U.S.C. § 794a(a)(1), incorporates procedural requirements of Title VII of the Civil Rights Act of 1964. The pertinent statute under Title VII provides that:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). In other words, venue lies for a Rehabilitation Act claim only (1) where the allegedly unlawful employment acts occurred, (2) where the employment records pertaining to those acts are kept, or (3) where the plaintiff would have worked "but for" the allegedly unlawful acts. And if none of those places are ones where a defendant is located, then a plaintiff may bring suit where the defendant's "principal office" is.

Put another way, nowhere does venue lie in a District simply because a plaintiff lives there. See generally Benton v. England, 222 F. Supp. 2d 728, 731 (D. Md. 2002); Eleazu v. Dir. US Army

2

Network Enter. Ctr., Natick,, No. CV 3:20-2576-JMC-SVH, 2020 WL 6875538, at *4 (D.S.C. Nov. 23, 2020), report and recommendation adopted sub nom. Eleazu v. United States Army Network Enter. Ctr. - Natick, No. 3:20-CV-02576-JMC, 2021 WL 4272596 (D.S.C. Sept. 21, 2021); Doyle v. McDonough, No. CV ELH-20-3478, 2021 WL 4846938, at *19 (D. Md. Oct. 15, 2021); Harris v. Dep't. of Health & Hum. Servs., No. GJH-21-558, 2021 WL 5920645, at *3 (D. Md. Dec. 15, 2021); Ellis v. Spellings, No. CIV 1:07CV257, 2008 WL 3925263, at *4 (W.D.N.C. Aug. 21, 2008).

In the instant matter, Plaintiff relies only on his being a resident in this District to argue that venue is appropriate here. However, he has alleged nothing under the pertinent statute to demonstrate that venue lies in the Northern District of West Virginia. Thus, the action is filed inappropriately here.

As for the remedy for filing in the wrong venue, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, per this statute, the Court either may (1) dismiss this action for lack of venue, or (2) transfer this action to the District where Plaintiff should have brought it in the first place.

To protect Plaintiff's rights as *a pro se* litigant, the undersigned will order that the action be transferred to the Western District of Pennsylvania, rather than recommend to the presiding District Judge that the action be dismissed altogether. In so doing, it will avoid prejudice to Plaintiff which may arise from outright dismissal for failure to file in the proper venue. What is more, "[a]n order issued by a magistrate judge transferring venue . . . is non-dispositive." Shenker v. Murasky, No. 95 CV 4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996). See also 28 U.S.C. §

3

636(b)(1)(A) (setting forth the scope of United States Magistrate Judge authority). Thus, the undersigned enters the instant Memorandum Opinion and Order, given the non-dispositive nature of the decision issued hereby.

Accordingly, it is hereby **ORDERED** that proper venue for the instant matter is the Western District of Pennsylvania and that the matter shall be transferred to that District.

The Clerk of the Court is **DIRECTED** to **TRANSFER** this matter, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Western District of Pennsylvania.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**Dated: April 7, 2026**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

4